IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00313-BNB

JEFF H. WILLIAMSON,

    Plaintiff,

v.

GEORGE H. W. BUSH,
GEORGE W. BUSH,
RICHARD CHENEY,
DONALD RUMSFELD,
COLIN POWELL,
ROBERT SWAN MUELLER, III,
GEORGE J. TENET,
PORTER GOSS,
J. DANFORTH QUAYLE,
JAMES BAKER,
WILLIAM WEBSTER,
MARK W. EVERSON,
JOHN ASHCROFT,
ALBERTO GONZALES,
UNITED STATES CONGRESS,
US HOUSE OF REPRESENTATIVES,
DENNIS HASTERT (IL),
JOHN BOEHNER (OH),
ROY BLUNT (MO),
ERIC CANTOR (VA),
DEBORAH PRYCE (OH),
JACK KINGSTON (GA),
JOHN DOOLITTLE (CA),
ADAM H. PUTNUM (FL)
TOM REYNOLDS (NY) and
ROB PORTMAN (OH),
NANCY PELOSI (CA),
JOHN SPRATT (SC),
STENY HOYER (MD),
JOHN LEWIS (GA),
BOB MENENDEZ (NJ),
JAMES CLYBURN (SC),
RAHM EMANUEL (IL),
GEORGE MILLER (CA),
ROSA DELANRO (CT),

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR - 4 2006

GREGORY C. LANGHAM
                  CLERK

TED STEVENS (R-AK),
BILL FRIST (TN),
MITCH McCONNELL (KY),
BOB BENNETT (UT),
RICK SANTORUM (PA),
KAY BAILEY HUTCHISON (TX),
JON KYL (AZ),
ELIZABETH DOLE (NC),
WAYNE ALLARD (CO),
HARRY REID (NV),
RICHARD DURBIN (IL),
CHARLES SCHUMER (NY),
DEBBIE STABENOW (MI),
BYRON DORGAN (ND),
HILLARY CLINTON (NY),
UNKNOWN CIA AGENTS,
UNKNOWN MILITARY OFFICERS, and
PERSONELL [sic],

    Defendants.

## ORDER TO FILE AMENDED COMPLAINT

On February 23, 2006, Plaintiff Jeff H. Williamson filed a *pro se* Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. In the Complaint, Plaintiff states that he is a citizen of Colorado. He also claims that his constitutional rights have been violated pursuant to various federal statutes. The Court reviewed the Complaint, determined that it is deficient, and entered an order, on February 23, 2006, directing Plaintiff to file the claims on a Court-approved form. On March 13, 2006, Plaintiff complied with the February 23 Order and filed a Complaint form.

Also on March 13, 2006, Plaintiff filed a document titled "Rule 15(a) Amendment to Complaint." Plaintiff submitted two Attachments, A and B, with the Amendment. In

the Amendment, Plaintiff requests that the Complaint be amended by striking out and dismissing as Defendants the names that are listed in Attachment A, and by adding as Defendants the names that are listed in Attachment B.

The Court must construe the Complaint liberally, because Mr. Williamson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

An amended complaint supersedes the original complaint. *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985); *Cameron v. Fogarty*, 705 F.2d 676 (2nd Cir. 1983); *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981). Plaintiff's attempt to amend the Complaint on March 13, however, is at best confusing and appears to supersede the Prisoner Complaint form that he submitted on March 13, 2006. The attempt also is insufficient to amend the Complaint, because the filing is incomplete. An amended complaint must include all the information requested on the Court-approved form. Therefore, Plaintiff will be directed to file an Amended Complaint that includes all alleged claims and all properly named Defendants.

In addition, upon review of Plaintiff's Complaint that he filed on March 13, 2006, the Court finds that the Complaint fails to meet the requirements of Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the

basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Williamson's Complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. **See** Fed. R. Civ. P. 8(a)(2). Rather than summarizing each claim succinctly, Mr. Williamson apparently expects the Court to sift through the twenty-seven pages of the March 13 Complaint and determine what are claims and what are merely restatements of information Plaintiff has copied from other sources.

To the extent that Plaintiff may state viable claims, he must allege, **simply and concisely**, his specific claims for relief, including the specific rights that allegedly have

been violated and the specific acts of **each** Defendant that allegedly violated his rights.

Furthermore, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Williamson will be ordered to file an Amended Complaint that states specifically what he alleges each Defendant did to violate his rights. Plaintiff may not set forth a general statement that "Defendants" are responsible for the violations he alleges. Furthermore, Plaintiff is instructed to provide addresses for **all** named Defendants. Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order** an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 and with this Order. It is

FURTHER ORDERED that if Mr. Williamson fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's "Motion to Waive Charges on Copies of Complaint so the Defendants can be Served by a United States Marshal," filed on February 23, 2006, is denied.

DATED April 4, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-00313-BNB

Jeff H. Williamson
General Delivery
951 20th St.
Denver, CO 80202

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 4/4/06

GREGORY C. LANGHAM, CLERK

By: /s/ Andrea
Deputy Clerk